UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MIRENA IUD PRODUCTS LIABILITY LITIGATION               MDL No. 2434

ORDER DENYING TRANSFER

**Before the Panel**: Plaintiffs move under 28 U.S.C. 1407(c) for transfer of the action listed on Schedule A (*Barrera*) to the Southern District of New York for inclusion in MDL No. 2434. Defendant Bayer HealthCare Pharmaceuticals, Inc. (Bayer) did not file a response.

After considering the argument of counsel, we deny the motion for transfer. The actions originally centralized in this MDL involve factual questions arising from the alleged risk of uterine perforation and migration associated with the Mirena IUD and the adequacy of the product's warning label with respect to those risks. *In re: Mirena IUD Prods. Liab. Litig.*, 938 F. Supp. 2d 1355, 1356 (J.P.M.L. 2013). The Panel has twice considered whether the scope of the MDL should be expanded to include actions alleging other types of injury from the Mirena IUD, without regard to uterine perforation or migration. We declined to do so. *See* Order Vacating Conditional Transfer Orders (*Baker*) at 1-2 (J.P.M.L. Aug. 7, 2013); Order Vacating Conditional Transfer Order (*Thompson*) at 1 (J.P.M.L. Oct. 16, 2013).

In *Barrera*, eighteen plaintiffs allege that Bayer's labeling and marketing of Mirena represents that the product is a safe form of contraception and that Bayer's disclosures misrepresent or otherwise fail to warn users of the product's true risks. The complaint includes general allegations concerning the risk of perforation of the uterus and migration post-insertion, but none of the eighteen plaintiffs alleges that her injuries involve perforation or migration.[1] Plaintiffs' argument that those generalized allegations are sufficient to support transfer is unpersuasive. As the Panel explained in denying transfer in *Baker*, where the "complaints include generalized allegations that Mirena poses a risk of uterine perforation or migration post-insertion," but no plaintiff alleges that her "specific injuries are related to perforation or migration," transfer may "broaden the MDL's scope to encompass actions alleging injury of any kind arising from Mirena."[2] Such an expansion would impede the just and efficient conduct of the litigation, especially considering that generic discovery in MDL No. 2434 appears to be at an advanced stage.[3] For these reasons, the absence of plaintiff-

---

[1] As to each of the 18 plaintiffs, the complaint simply alleges that each "used Mirena and suffered injury as a result." *See Barrera* Compl. ¶¶ 6-23.

[2] *See* Order Vacating Conditional Transfer Orders (*Baker*) at 2 (J.P.M.L. Aug. 7, 2013).

[3] *See* Order Denying Transfer (*Anderson*), at 2 (J.P.M.L. Feb. 6, 2015).

-2-

specific allegations as to a perforation or migration injury, either in the district court record or the Panel briefing renders transfer of *Barrera* unwarranted.

On this record, informal coordination of any overlapping discovery is preferable to transfer. Indeed, Bayer previously has represented that informal coordination of overlapping discovery is practicable in Mirena actions alleging other types of injuries, and, in particular, has noted its willingness to share discovery from the MDL subject to an appropriate protective order. Additionally, the record reflects that *Barrera* plaintiffs' counsel is involved in MDL No. 2434, which will further facilitate informal coordination of any overlapping discovery.

IT IS THEREFORE ORDERED that the motion for transfer of the action listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: MIRENA IUD PRODUCTS LIABILITY LITIGATION**     MDL No. 2434

## SCHEDULE A

<u>Northern District of California</u>

BARRERA, ET AL. v. BAYER HEALTHCARE PHARMACEUTICALS, INC.,
C.A. No. 5:14-03418